IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 22-CV-3116-SLD |
| RICKY FOREMAN, *et al.* | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Now Come, the Defendants, BRITTANY GREENE, RANDELL HETTINGER, JAMES ROBINSON, JUSTIN HAMMERS, and RICKY FOREMAN, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's Complaint [Doc. 1] pursuant to the Court's Merit Review Order [Doc. 8] state as follows:

### ISSUES ENUMERATED IN MERIT REVIEW AND CASE MANAGEMENT ORDER[1]

Plaintiff alleges that Western Illinois Correctional Center ("Western") officials housed him in cells that were extremely cold in the winter over the course of approximately two years.

**ANSWER: Defendant Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Greene, Hettinger, Hammers and Foreman deny that the cells are extremely cold in the winter as the cell houses are heated. Defendants deny they housed him in cells that were extremely cold.**

---

[1] Pursuant to Local Rule 16.3(E)(2), Defendants respond to the issues as identified in the Merit Review Order [Doc. 8]. CDIL-LR 16.3(E)(2)

Case no. 22-CV-3116

Plaintiff alleges that Western Illinois Correctional Center ("Western") officials housed him in cells that were extremely hot in the summer over the course of approximately two years.

**ANSWER: Defendant Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Greene, Hettinger, Hammers and Foreman deny that the cells are extremely hot in the summer, as fans are provided, along with ice being available. Defendants deny they housed Plaintiff in extremely hot cells.**

Plaintiff alleges that in the winter, cold air entered the cell through the windows.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

Plaintiff alleges that the cells did not have hot water and hot showers were not available,

**ANSWER: Defendants deny the allegation in the above paragraph.**

Plaintiff alleges that prison rules prohibited having two blankets, and additional clothing was not available because of shortages caused by the Covid-19 pandemic.

**ANSWER: Defendant Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Greene, Hettinger, Hammers and Foreman admit that prison rules prohibit having two blankets due to safety concerns. Defendants Greene, Hettinger, Hammers and Foreman deny that additional clothing was not available because of shortages caused by the COVID-19 pandemic.**

Plaintiff alleges that plumbers who came to his cell could not fix the hot water problem.

**ANSWER: Defendants Foreman, Hammers, and Robinson lack knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Greene and Hettinger deny that the allegations in the above paragraph.**

Plaintiff alleges that his cell had no functional ventilation in the summer, that maintenance staff was aware of the problem, and that nobody came to his cell to fix it.

**ANSWER: Defendant Foreman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Greene, Hettinger, Robinson and Hammers deny the allegations in the above paragraph.**

Plaintiff alleges that fans did not alleviate the heat, and ice was sometimes not available.

**ANSWER: Defendants deny the allegation that the fans did not alleviate heat. Defendants deny that ice was sometimes not available, as ice is supplied upon temperatures reaching a certain threshold and the wings have ice machines.**

Plaintiff alleges that he filed grievances about the issues, and wrote letters to Defendants Hammers, Greene, and Robinson.

**ANSWER: Defendants Foreman and Hettinger deny receipt of grievances from Plaintiff. Defendant Hammers lacks knowledge or information sufficient to form a belief as to the truth of the allegation above. Defendants Greene and Robinson admit that Plaintiff filed grievances.**

Plaintiff alleges that other defendants refused to move him to a new cell, told him to file grievances, or failed to take other actions he desired.

**ANSWER: Defendant Greene denies that she refused to move Plaintiff to a new cell, as there was no indication to do so. Defendant Robinson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the above paragraph. Defendants Foreman, Hammers and Hettinger deny the allegations in the paragraph above.**

Based on the allegations in the Complaint, the Court designates the following Count: Count 1: An Eighth Amendment claim for inhumane conditions of confinement against the named defendants.

**ANSWER: Defendants deny that Plaintiff was housed in inhumane conditions and any other constitutional violations.**

### RELIEF REQUESTED

Defendants deny Plaintiff is entitled to any relief whatsoever.

### JURY DEMAND

Defendants request a jury on all triable matters.

### AFFIRMATIVE DEFENSES

1.  **Qualified Immunity**

At all times relevant to Plaintiff's claims, Defendants acted in the good faith performance of their official duties without violating Plaintiff's clearly established constitutional rights. Defendants are, therefore, indemnified of liability via the doctrine of qualified immunity.

2. **Failure to Exhaust Administrative Remedies**

Plaintiff has filed suit alleging inhumane conditions of confinement while in the custody of the Illinois Department of Corrections. Plaintiff has failed to properly exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. § 1983 and his claims are, therefore, barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (West 2016).

3. **Sovereign Immunity**

Under the Eleventh Amendment, Plaintiff's claims for monetary damages against Defendants in their official capacities is barred by sovereign immunity. To the extent Plaintiff is suing Defendants for injunctive relief that is not intended to address ongoing constitutional or statutory violations, the Eleventh Amendment and sovereign immunity bar such claims.

Respectfully submitted,

BRITTANY GREENE,
RANDELL HETTINGER,
JAMES ROBINSON,
JUSTIN HAMMERS, and
RICKY FOREMAN

Defendants,

KWAME RAOUL,
Attorney General,
State of Illinois

Attorney for Defendants,

Dowin Coffy, #6331704
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone: (217) 782-5022
Fax: (217) 524-5091             By: \s\ Dowin Coffy
Email:  Dowin.Coffy@ilag.gov        Dowin Coffy, #6331704
       gls@ilag.gov                 Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT, | ) |
| Plaintiff, | ) )  ) |
| -vs- | ) No. 22-CV-3116-SLD |
| RICKY FOREMAN, *et al*. | ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 24, 2023, the foregoing document, Answer and Affirmative Defenses, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant(s):

Christopher Scott, #R31806
Western Illinois Correctional Center
Individual in Custody Legal Mail/Parcels
2500 Rt 99 South
Mt Sterling, IL 62353

Respectfully submitted,

  s/Dowin Coffy
Dowin Coffy, #6331704
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-5022 Phone
Dowin.Coffy@ilag.gov